```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DONNELL ROBINSON,                )
                                 ) Civil Action
            Petitioner           ) 07-cv-4676
                                 )
      vs.                        )
                                 )
FRANKLIN J. TENNIS,              )
THE DISTRICT ATTORNEY OF THE     )
   COUNTY OF PHILADELPHIA and    )
THE ATTORNEY GENERAL OF THE      )
   COMMONWEALTH OF PENNSYLVANIA, )
                                 )
            Respondents          )

                      *   *   *

APPEARANCES:

        DONNELL ROBINSON
        Petitioner pro se

        ANNE PALMER
        Assistant District Attorney
        of the County of Philadelphia
            On behalf of Respondents

                      *   *   *

                  M E M O R A N D U M

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on the objections[1] of petitioner Donnell Robinson, pro se, to the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed July 1, 2008 in this habeas corpus action.[2] For the reasons expressed below, I overrule the objections of petitioner to the Report and Recommendation, approve and adopt

---

[1] Petitioner referred to his objections as "a motion for reconsideration on the court opinion and decision". He also subtitled it "ARGUMENT AND OBJECTIONS". See Document 16.

[2] Petitioner commenced this action on December 13, 2007 pursuant to 28 U.S.C. § 2254 by filing his pro-se petition for Writ of Habeas Corpus By a Person in State Custody.

the Report and Recommendation, dismiss the petition for habeas corpus without a hearing, and direct the Clerk of Court to mark this matter closed for statistical purposes.

Because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-1604, 146 L.Ed.2d 542, 554-555 (2002).

When objections to a report and recommendation of a magistrate judge are filed, I am required to make a de novo determination of those portions of the report, findings or recommendations to which there are objections. 28 U.S.C. § 636(b)(1); E.D.Pa.R.Civ.P. 72.1(IV)(b). Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the proposed findings and conclusions made by the magistrate judge. I may accept, reject or modify, in whole or in part, any of those findings or recommendations. Raddatz, supra.

Petitioner raises three objections: First, petitioner seeks an evidentiary hearing to determine whether his trial counsel was ineffective because he abandoned petitioner after

sentencing by failing to file a direct appeal.  Second, petitioner asserts that the appellate attorney appointed by the court to represent him in his direct appeal abandoned him by failing to provide plaintiff with a copy of the brief filed by appellate counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Third, petitioner contends that a different attorney appointed by the court to represent him in his Pennsylvania Post Conviction Relief Act ("PCRA") petition was ineffective for failing to raise a meritorious claim.

As a preliminary matter, respondents contend that petitioner's objections are inadequate because they are unsupported by discussion or citation to applicable federal authority.  Furthermore, respondents aver that the petition should be dismissed for the reasons expressed in the Report and Recommendation ("R&R").

Specifically, respondents contend that petitioner's claim of ineffective assistance of trial counsel is unexhausted and procedurally defaulted because petitioner did not properly present his claim of abandonment in the state courts.  Moreover, respondents aver that petitioner's response to the Anders brief demonstrates that petitioner was provided with a copy of the brief.  Finally, respondents contend that ineffectiveness of state post-conviction counsel is not a ground for federal habeas relief.

Upon review of the R&R, together with de novo review of this matter, I conclude that the R&R correctly determines that petitioner's federal habeas corpus petition should be denied.

Initially, petitioner contends that his trial counsel was ineffective because he abandoned petitioner after sentencing by failing to file a direct appeal, and he seeks an evidentiary hearing on the issue. However, this objection is merely a restatement of petitioner's federal habeas corpus claim.

For reasons articulated by Magistrate Judge Rapoport in the R&R, I agree that the claim is unexhausted and procedurally defaulted and that petitioner makes no showing of cause and prejudice or a miscarriage of justice to overcome the default. Accordingly, I do not reach the merits of this claim, and no evidentiary hearing is warranted.

However, even assuming that petitioner had exhausted his claim of ineffective assistance of trial counsel, the record establishes that he was not prejudiced by his trial counsel's failure to file an appeal, and therefore no federal habeas relief would be warranted. Specifically, the record demonstrates that petitioner's direct appeal rights were reinstated nunc pro tunc; he was appointed new appellate counsel; he filed a response to appellate counsel's Anders brief; and the Superior Court of Pennsylvania reached the merits of his claims. See Commonwealth v. Robinson, No. 3553 Eastern District Appeal 2002, at 9 (Pa.Super. Mar. 23, 2004).

Moreover, petitioner does not argue that but for trial counsel's ineffectiveness or abandonment, the result of his direct appeal would be different. See Strickland v. Washington, 466 U.S. 668, 693-964, 104 S.Ct. 2052, 2067-2068, 80 L.Ed.2d 674,

697-698 (1984). Therefore, I would conclude that he is not entitled to relief.

Next, petitioner argues that he was abandoned by the court-appointed appellate attorney who represented him in his direct appeal. However, it is unclear whether petitioner's objection asserts that he did not receive a copy of appellate counsel's <u>Anders</u> brief or that he was not provided adequate time to prepare a pro-se response. Nonetheless, the record clearly demonstrates that appellate counsel provided petitioner with a copy of the <u>Anders</u> brief and that petitioner drafted a pro-se response advancing three arguments, two of which were raised in appellate counsel's <u>Anders</u> brief.

Furthermore, the Superior Court of Pennsylvania concluded that petitioner's appellate counsel complied with the <u>Anders</u> requirements. The Superior Court enumerated those requirements as follows:

> [c]ounsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se, or raise any additional points he deems worthy of this court's attention.

<u>Robinson</u>, No. 3553 Eastern District Appeal 2002, at 3-4 (citing <u>Anders</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493;

Commonwealth v. McClendon, 495 Pa. 467, 434 A.2d 1185 (1981) (abrogated by Commonwealth v. Santiago, 602 Pa. 159, 978 A.2d 349 (2009)[3])).

In addition, the Superior Court reached the merits of all claims set forth in petitioner's pro-se filing and issues raised by the Anders brief, and affirmed petitioner's sentence. Robinson, No. 3553 Eastern District Appeal 2002, at 9. Accordingly, I agree with Magistrate Judge Rapoport's conclusion that the Superior Court properly identified and applied the Anders requirements and that petitioner demonstrates no unreasonable application of those requirements.

Finally, it appears that petitioner's third objection challenges Magistrate Judge Rapoport's recitation of the procedural history and not his proposed findings or recommendations. I construe petitioner's argument as an assertion that his court-appointed PCRA attorney was ineffective for failing to raise a meritorious claim in petitioner's amended PCRA petition, which was dismissed without an evidentiary hearing for failure to raise any claim of merit. See Commonwealth v. Robinson, No. 1206 EDA 2006, at 3 (Pa.Super. Jan. 8, 2007).

However, petitioner's argument fails because he did not raise this objection in his original federal habeas corpus

---

[3] In Commonwealth v. Santiago, the Supreme Court of Pennsylvania made a significant adjustment regarding the required contents of an Anders brief in Pennsylvania. 602 Pa. at 179, 978 A.2d at 361. The court noted, however, that the procedure set forth would be applied prospectively to "briefs in cases where the briefing notice is issued after the date of the filing of this Opinion." Id. Accordingly, this decision has no bearing on the issue before this court.

petition.  As a result, the objection is deemed waived. E.D.Pa.R.Civ.P. 72.1(IV)(c).

In addition, even if petitioner had raised this claim in his federal habeas corpus petition, he would not have been entitled to federal habeas relief for ineffectiveness of PCRA counsel.  This is because there is no constitutional right to state post-conviction counsel.  28 U.S.C. § 2254(i); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); see also Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at *7 (E.D.Pa. Dec. 18, 2001)(Yohn, J.).

In Abu-Jamal v. Horn, the district court stated that "no matter how deficient [state collateral post-conviction] representation was, it can not form the basis for habeas corpus relief, which is available only where a conviction has been obtained in violation of the Constitution or laws or treaties of the United States" (internal quotation omitted). 2001 WL 1609761, at *7.

For all the foregoing reasons, I overrule the objections of petitioner to the Report and Recommendation of United States Magistrate Judge Rapoport, approve the petition for habeas corpus without a hearing, deny the request for a certificate of appealability, and direct the Clerk of Court to mark this matter closed for statistical purposes.